IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GEOFFREY C. ANGEL, P.C. d/b/a ANGEL LAW FIRM,<br><br>Plaintiff,<br><br>vs.<br><br>DARWIN NATIONAL ASSURANCE COMPANY a subsidiary of ALLIED WORLD ASSURANCE COMPANY,<br><br>Defendant. | CV 13–72–BU–DLC<br><br><br>ORDER |

Before the Court are cross motions for partial summary judgment. Both parties request summary judgment on Count I of the complaint, which is a declaratory judgment claim seeking a determination that Defendant Darwin National Assurance Company's ("Darwin") underwriting guideline violates public policy. Plaintiff Geoffrey Angel, P.C. d/b/a/ Angel Law Firm ("Angel") argues that the underwriting guideline violates Montana public policy and requests that Darwin be enjoined from using the guideline in the future. Darwin argues the guideline does not violate public policy and seeks dismissal of Count I. Angel's motion will be denied and Darwin's motion will be granted because professional liability insurance is optional in Montana and Angel fails to clearly allege any

statutory violations.

## I.  Facts

Darwin provided Angel with professional liability insurance from 2008 until December 31, 2012 when Darwin did not renew Angel's policy.  In May 2012 Darwin adopted an underwriting guideline that prohibits coverage for plaintiff's attorneys whose practice involves more than 10% plaintiff insurance bad faith work.  The guideline does not prohibit coverage of defense attorneys who defend insurance bad faith cases.

Angel's renewal application for 2013 states that the firm engages in 20% plaintiff's insurance litigation.  Based on this application, Darwin determined Angel was outside of its underwriting policy and issued a notice of nonrenewal on October 16, 2012.  The notice states "[t]he reason for nonrenewal is areas of practice outside of underwriting guidelines." (Doc. 14-2 at 1.)  Darwin alleges that Angel indicated in his application that his practice is engaged in more than 10% plaintiff's bad faith work, apparently assuming that the "Insurance" category on the form (Doc. 14-1 at 2) only encompasses insurance bad faith litigation.  Darwin also sent Angel an email regarding the nonrenewal which states "it is a single area of practice which falls outside of Darwin's current underwriting guidelines.  More specifically, our current underwriting guidelines dictate that an

application with more than 10% plaintiff insurance bad faith work will be declined." (Doc. 8 at 2.)

Angel filed suit on September 26, 2013, alleging breach of contract (Count II), violations of the Montana Unfair Trade Practices Act ("UTPA") (Count III), and common law bad faith (Count IV) in addition to his declaratory judgment claim (Count I). The pending motions only relate to Count I, so any facts related to those claims are not stated here. In Count I, Angel alleges Darwin's underwriting policy violates Montana public policy by treating plaintiff and defense counsel who practice insurance bad faith litigation differently. Angel avers the underwriting policy is not based on a statistical history of losses, and Darwin admits that the policy is based on claims experience of higher costs for plaintiff's insurance bad faith specialists, not on statistical data. (Doc. 24 at 4.)

Angel seeks the following relief: a declaration that the guideline violates public policy; an injunction preventing Darwin from relying on the policy; redaction of Darwin's claims history and the notice of nonrenewal for the Angel Law Firm to return the firm to its position prior to the nonrenewal; and attorney's fees under the private attorney general theory. Needless to say, Count I presents novel theories and claims for relief.

## II. Standard

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

### III.  Discussion

**A. Evidence Supporting Darwin's Nonrenewal**

Prior to reaching the public policy arguments advanced by the parties, the Court will address the evidence supporting Darwin's nonrenewal. Although Angel's primary focus in both motions is the public policy argument, he does assert in his genuine issues of disputed fact that his renewal application did not disclose the percentage of plaintiff's bad faith work in which his firm was engaged. Further, he states that "Darwin did not have any documents or other information that informed it as to the percentage of the Angel Law Firm's practice that involved plaintiff's insurance bad faith work" and that his firm's practice did not fall outside Darwin's underwriting guidelines. (Doc. 17 at 2-3.)

Darwin contends that in "filling out his renewal application for 2013, Plaintiff indicated his law practice engaged in more than 10% Plaintiff's insurance bad faith work." (Doc. 18 at 3.) His application does no such thing. It merely

-4-

states that his firm engages in 20% plaintiff's insurance work. Nothing on the form indicates that this is solely bad faith work–or even the half that is required to fall under Darwin's guideline. As Darwin admits in its discovery responses filed as a supplement to Angel's motion, the category of "insurance" on the application includes areas of practice other than bad faith, such as declaratory judgment and coverage actions. (Doc. 24-2 at 7-8.) Darwin's only response to this argument is that Angel never disputed its determination that the firm's practice was outside its guidelines. (Doc. 18 at 3.) Thus, it appears that the only information upon which Darwin based its decision to nonrenew was the application form that stated the Angel Firm participated in 20% plaintiff's insurance work.

At best, this information is ambiguous as to whether Angel falls under the guideline of practicing 10% plaintiff's bad faith work. As Darwin admitted in its discovery responses, the category of insurance is not exclusive to bad faith litigation, and can include coverage and declaratory judgment work. However, the parties do not discuss how this disputed fact relates to the public policy arguments advanced regarding Count I. This issue is more relevant to the remaining Counts of Angel's complaint, particularly the bad faith claims, and because the parties do not articulate its relevance to the motion at hand, the Court need not resolve it at this time.

### B. Public Policy

Darwin argues the underwriting guideline challenged by Angel is not a contract so Montana Code Annotated § 28-2-702 does not apply. Darwin contends that Montana law only examines three public policy areas regarding insurance: mandatory coverage, subrogation, and illusory coverage. Because the guideline involves none of these areas, Darwin says there is no public policy violation. Angel responds that the fact that the underwriting guideline is not a contract is irrelevant because the UTPA was created to supplement insurance contracts and regulate unlawful practices. Angel further argues that § 33-15-1101 protects the public from unfair discrimination regarding nonrenewal of insureds, and § 33-15-1121 makes a violation of chapter fifteen an unfair trade practice. Finally, Angel contends that § 33-18-242 provides for a private right of action for specified unlawful insurance practices.

Section 28-2-702 states that "all contracts that have for their object, directly or indirectly, to exempt anyone from responsibility for the person's own fraud, for willful injury to the person or property of another, or for violation of law, whether willful or negligent, are against the policy of the law." Darwin is correct that Angel is not challenging a contract under Count I, so this provision does not apply in support of Angel's public policy argument.

Montana public policy is generally prescribed by the legislature through its statutes. *Fisher ex rel. McCartney v. State Farm Mut. Auto. Ins. Co.*, 305 P.3d 861, 868 (Mont. 2013). "Insurance provisions which 'violate express statutes' are contrary to public policy and void." *Id.* (citing *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948 (Mont. 2008)). Montana law distinguishes between mandatory and optional insurance coverage, and generally only voids statutes based on public policy reasons for mandatory insurance. *Stutzman v. Safeco Ins. Co. of America*, 945 P.2d 32, 37 (Mont. 1997); *Newbury v. State Farm Fire & Cas. Ins. Co. of Bloomington, Ill.*, 184 P.3d 1021, 1027 (Mont. 2008).

Angel's public policy argument fails because professional liability coverage is not mandatory in Montana. Angel does not point to any authority supporting his theory that the underwriting guideline, which is not an insurance provision, violates public policy because it treats plaintiff and defense attorneys differently. Angel does not explain how the statutes he argues are violated by the underwriting guideline are contrary to Montana law regarding public policy violations, or why a non-contractual guideline for non-mandatory insurance nonetheless violates public policy. Angel merely repeats the conclusory and general statement that the guideline violates public policy because it applies to plaintiff bad faith attorneys

and not defense bad faith attorneys. These conclusory arguments, no matter how many times they are repeated, are not enough to survive summary judgment. Because professional liability insurance is optional, Angel, and any other attorney practicing plaintiff bad faith insurance law, may purchase insurance from any number of carriers who do not share Darwin's bad faith guideline, as is evident from Angel's ability to obtain coverage from a different carrier after Darwin's nonrenewal. Likewise, Darwin is free to create guidelines regulating the types of attorneys with whom it contracts because professional liability insurance is not mandatory.

In addition to Angel's lack of a specific argument regarding §§ 33-15-1101 & 1121, the face of the statutes do not demonstrate any violation of public policy when applied to Darwin's guideline. Section 33-15-1101 outlines the purpose of part 11 as "to protect the public with regard to insurance transactions that involve cancellation, renewal, nonrenewal, or premium increases on contracts of property or casualty insurance . . . ." Although malpractice insurance is one of the many types of casualty insurance to which part 11 applies, it is not evident how a statute outlining the applicability of a group of statutes is violated by the guideline at issue here. Section 33-15-1121 provides that "the failure of an insurer to comply with this part constitutes an unfair trade practice under 33-18-1003. Midterm

premium increases and policy coverage reductions not in compliance with this part that are attempted or executed constitute unfair trade practices under 33-18-1003." Darwin's allegedly unlawful actions did not involve midterm premium increases or policy coverage reductions, and Angel does not explain how Darwin otherwise failed to comply with this part of the insurance code.

Finally, Angel argues § 33-18-242 is violated because the guideline prevents attorneys who sue insurance companies for bad faith from obtaining malpractice insurance. This statute provides an independent cause of action for insureds or third-party claimants against insurers for actual damages caused by the insurer's violation of various subsections of § 33-18-201, and establishes the burden of proof for such claims, among other things. Again, Angel does not specify how the guideline violates this statute, and the Court cannot ascertain a violation based on the statutory language.

In short, Count I of Angel's complaint is not supported by the law because professional liability insurance is optional in Montana and he points to no specific statutes that are violated by Darwin's underwriting guideline. As such, Darwin's motion for partial summary judgment will be granted, and Angel's motion for partial summary judgment will be denied.

IT IS ORDERED that Angel's motion for partial summary judgment (Doc.

7) is DENIED.

IT IS FURTHER ORDERED that Darwin's motion for partial summary (Doc. 12) is GRANTED and Count I of Plaintiff's complaint is DISMISSED.

DATED this 13th day of March, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court